UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES GASPARD,<br><br>Plaintiff,<br><br>v.<br><br>THE BREAKFAST TOMS, et al.,<br><br>Defendants. | Case No. 18-CV-05516-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT; ORDER REOPENING CASE; ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 13 |

## I. INTRODUCTION

Plaintiff is a Louisiana state prisoner housed in Louisiana. He has filed a *pro se* action for breach of contract on behalf of himself and Daveigh Schwallier against defendants The Breakfast Toms and Cathy Chase ("Complaint"). Dkt. No. 1. On November 5, 2018, the Court dismissed the Complaint with leave to amend ("DWLTA Order"). Dkt. No. 10. An amended complaint was due December 3, 2018. When that date passed, and the Court had not received an amended complaint, the Court dismissed the action and entered judgment. Dkt. Nos. 11, 12.

Before the Court is plaintiff's motion to vacate the judgment. Dkt. No. 13. Plaintiff also moves "to determine status of required party," "to compel discovery response," "to withdraw or novate stipulation," and for leave to amend ("Other Motions"). Dkt. Nos. 15, 17, 20.

1

Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

The Court received plaintiff's amended complaint ("Amended Complaint") the same day as the motion to vacate judgment. Dkt. No. 16. As set forth below, the Court **GRANTS** the motion to vacate the judgment. However, for the reasons set forth below, the Court **DISMISSES** the complaint with prejudice. Plaintiff's Other Motions are therefore denied as moot.

## II.  THE CASE IS REOPENED

Plaintiff's motion to vacate the judgment and reopen the case is governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). As required by Rule 60(b), plaintiff filed this motion on December 21, 2018, which is within a year of the Court's December 19, 2018 judgment. *See* Fed. R. Civ. P. 60 (c)(1) (requiring motion to be made within one year after judgment was entered.)

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 11 v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

Based upon the aforementioned factors, the Court concludes that plaintiff has shown relief is warranted for mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). First, the Court notes that, as a pretrial detainee proceeding *pro se*, plaintiff receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Plaintiff's Amended Complaint is dated December 4, 2018, a day after the due date. *See* Dkt. No. 16 at 1. While this date falls after plaintiff's deadline to amend, the Court notes that it is only one day late. The additional delay in receiving the Amended Complaint appears to have been caused by delays in the prison and U.S. mail system.

2

Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

Because plaintiff submitted his Amended Complaint only one day late, and the additional delay in filing appears to have been caused by the prison or U.S. mail system, the Court finds plaintiff has shown excusable neglect in his initial failure to file a timely amended complaint. Accordingly, the Court **GRANTS** plaintiff's motion to vacate the judgment and reopen the instant action. Dkt. No. 13. The Amended Complaint is deemed filed on December 4, 2018.

## III. THE COMPLAINT IS DISMISSED WITH PREJUDICE

Although the instant case has been reopened, the Court must dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction, and as malicious.

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

### A. The Court Lacks Subject Matter Jurisdiction.

Federal courts "are obligated to consider sua sponte whether [they] have subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004). This "independent obligation" exists "even if the issue is neglected by the parties." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir.2004); *accord Jasper v. Maxim Integrated Prod., Inc.*, 108 F. Supp. 3d 757, 764 (N.D. Cal. 2015) (dismissing for lack of subject matter jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides for subject matter jurisdiction over federal questions, and Section 1332 provides for subject matter jurisdiction over diversity actions. *See Deutsche Bank Nat'l Tr. Co. for Harborview Mortg. Loan Tr. 2007 v. Cutlip*, No. 16-CV-07148-LHK, 2017 WL 993073, at *2 (N.D. Cal. Mar. 15, 2017) (explaining the difference between federal question and diversity jurisdiction).

Here, plaintiff fails to invoke the Court's subject matter jurisdiction because he neither raises a federal question, nor establishes that this action may be brought under diversity

jurisdiction. The Court first addresses federal question jurisdiction, then addresses diversity jurisdiction.

### 1. There is no federal question jurisdiction.

For the Court to have federal question jurisdiction over a complaint, the complaint must arise under federal law. *See Beutel v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *1 (N.D. Cal. June 22, 2018) (remanding case to state court, where plaintiff did not raise a federal question). "[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Here, plaintiff mechanically recites that jurisdiction "is founded on a federal question." Am. Compl. ¶ 1. However, plaintiff does not cite any federal law as the basis for his claims. For example, plaintiff expressly states that he does not proceed under 42 U.S.C. § 1983, because his complaint "does not include any such cause of action." *See* Dkt. No. 13 at 2. Instead, plaintiff repeatedly states that he attempts to bring an action against The Breakfast Toms for breach of contract. *See* Am. Compl. ¶ 2 (stating plaintiff and defendants entered into contracts), ¶ 3 (stating defendants The Breakfast Toms "failed to perform" under the contracts), ¶ 4 (referring to "Breakfast Toms' aforesaid breaches of contract"), ¶¶ 4-5 (seeking "enforcement of . . . aforesaid obligations" and "recovery of . . . damages, in contract"). Plaintiff also claims that Ms. Chase committed some unspecified tort against him. *See id.* ¶ 4 (alleging Ms. Chase's "tortious actions" caused him "mental anguish, and intentional infliction of severe emotional distress . . . damages for loss of consortium, service and society, and special damages."). As the Ninth Circuit has explained, neither contract disputes nor tort claims raise federal questions. *See Rainero v. Archon Corp.*, 844 F.3d 832, 837 (9th Cir. 2016) (holding the district court lacked subject matter jurisdiction over a contract dispute, because a breach of contract action falls under state law); *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982) (holding there was no federal question where the "cause of action is one sounding only in tort, and manifestly arises under state law"); *Smith v. Phoenix Techs. Ltd.*, No. 11-CV-01479-LHK, 2011 WL 5444700, at *2 (N.D. Cal.

4

Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

Nov. 9, 2011) ("the Court does not have federal question jurisdiction over this state law products liability action."). Plaintiff's claims therefore do not invoke federal question jurisdiction.

Because plaintiff's claims do not arise under federal law, plaintiff has not invoked a federal question sufficient to confer subject matter jurisdiction.

### 2. There is no diversity jurisdiction.

In the alternative, plaintiff appears to attempt to invoke diversity jurisdiction. *See* Compl. ¶ 1 ("This personal civil action . . . involves a controversy between citizens of different states").

For the Court to have diversity jurisdiction over a complaint, that claims must meet certain rigid requirements: there must be complete diversity of citizenship between the parties, and the amount in controversy must exceed $75,000. *Monet v. Jpmorgan Chase Bank, N.A.*, No. 16-CV-00372-LHK, 2016 WL 945980, at *2 (N.D. Cal. Mar. 14, 2016) (citing 28 U.S.C. § 1332 for the requirements of a diversity action). Here, plaintiff fails to meet either requirement.

First, the Court lacks diversity jurisdiction because there is not complete diversity between the parties. As the Court explained in the DWLTA Order, for the Court to have diversity jurisdiction, there must be complete diversity of citizenship between the parties. DWLTA Order at 3. "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff. . . . diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Here, plaintiff states that both The Breakfast Toms and Ms. Schwallier are California residents. Am. Compl. ¶ 2. Because the co-plaintiff is a citizen of the same state as at least some of the defendants, there is not complete diversity of citizenship and the Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332.

Second, plaintiff has not alleged, much less shown, that the amount in controversy exceeds $75,000. *See generally*, Am. Compl. Plaintiff does not allege any dollar amount in his Amended Complaint, and in fact states that his loss is "nonpecuniary." *Id.* ¶ 4. In the DWLTA Order, the Court explained that "[w]ithout . . . a showing that the breach of contract damages exceed $75,000, this court lacks subject matter jurisdiction," *see* DWLTA Order at 3, but plaintiff has not

5

Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

cured this defect on amendment. Because the amount in controversy requirement is not met, the Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332.

Because plaintiff has not successfully invoked federal question or diversity jurisdiction, the Court lacks subject matter jurisdiction over this action. The Amended Complaint is **DISMISSED**.

**B. This Action is Malicious.**

In the alternative to dismissing for lack of subject matter jurisdiction, the Court dismisses the instant action as malicious.

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any complaint where the plaintiff attempts to proceed "without prepayment of fees," and the action is malicious. *See* 28 U.S.C. § 1915(a)(1), (e)(2) ("the court *shall* dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious") (emphasis added).

Here, plaintiff refuses either to file an application to proceed in forma pauperis ("IFP") or to pay the filing fee. *See* Dkt. No. 13. He states:

> In the event that the Court, and each and every other district judge . . . who was assigned one of the multiple duplicate civil actions which Plaintiff Gaspard has instituted . . . first stipulate, by means of dating and signing the proposed order . . . that (1) Plaintiff Gaspard shall only be required to file an application to proceed in forma pauperis, or pay a filing fee, in one of the United States District Courts in which said civil actions have been instituted (2) Plaintiff Gaspard shall choose in which of said courts said application shall be filed, or said fee shall be paid, (3) the Court agrees that . . . the Court will . . . grant [all of plaintiff's motions], (4) each and every other of same courts agree to stay the civil action . . . and (5) each and every of same courts agree that [the duplicative matters will be transferred or dismissed without prejudice].

Dkt. No. 18 at 1-2. Because plaintiff refuses to pay the filing fees, the Court concludes that, notwithstanding plaintiff's refusal to perfect an IFP application, plaintiff is "a prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor," and the PLRA applies. 28 U.S.C. § 1915(a)(2).

The Ninth Circuit has previously held that a complaint that "merely repeats pending or previously litigated claims" is malicious under the PLRA. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Here, plaintiff states that this action is "one of the multiple, duplicate,

6

Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

civil actions which he has institute[d] as the matter(s) of Charles Gaspard, and Daveigh Schwallier, versus The Breakfast Toms." Dkt. No. 13 at 14. The Court's research reveals that plaintiff has filed six actions (collectively, the "Actions") which duplicate the instant matter.[1]

In each of the Actions, the parties are the same: plaintiff sues The Breakfast Toms and Ms. Chase, and all but one of the Actions names Ms. Schwallier as a co-plaintiff. *Compare* Dismissal Order at 4, *Gaspard v. The Breakfast Toms*, No. 18-cv-1199 (E.D. Cal., Nov. 1, 2018) ("Eastern District Frivolity Dismissal") at 1, 4, *with* Am. Compl. ¶ 2. The claims are also the same: plaintiff claims that Ms. Chase, who is Ms. Schwallier's mother, prevented plaintiff from communicating with Ms. Schwallier via MySpace, *compare* E.D. Frivolity Dismissal at 4 *with* Am. Compl. ¶ 4; that The Breakfast Toms did not help plaintiff circumvent Ms. Chase's denial of access to her daughter, *id.*; that Ms. Chase "fraudulently and maliciously attempt[ed] to cause Plaintiff Gaspard to believe that Defendant Chase was not maliciously abusing/ committing crimes against Plaintiff Schwallier, and that Plaintiff Schwallier did not love Plaintiff Gaspard, as she had said she did, and that she did not want to communicate with Plaintiff Gaspard," *id.*; and that this prevented plaintiff from "forming a meaningful relationship" with Ms. Schwallier and caused plaintiff "severe emotional distress," *id.* Moreover, in three of the Actions, and in the instant matter, plaintiff seeks to force Ms. Schwallier to respond to interrogatories he has served upon her. *See, e.g.*, Dkt. No. 15 (attaching a motion to compel).

Because in the instant action plaintiff raises only claims that are "pending or previously litigated" in his six other suits against defendants, this action is malicious. *Cato*, 70 F.3d at 1105 n.2. Because the action is malicious, and because plaintiff refuses to pay the filing fees, the Court is required to dismiss it under the PLRA. 28 U.S.C. § 1915(a)(2).

---

[1] *See Gaspard v. The Breakfast Toms*, No. 18-cv-7770 (C.D. Cal. Sept. 6, 2018) (dismissed for failure to perfect IFP application); *Gaspard v. The Breakfast Toms*, No. 18-cv-2397 (E.D. Cal., Aug. 30, 2018) (dismissed for failure to perfect IFP application); *Gaspard v. The Breakfast Toms*, No. 18-cv-1199 (E.D. Cal., Aug. 31, 2018) (dismissed as frivolous); *Gaspard v. The Breakfast Toms*, No. 18-cv-2041 (S.D. Cal., Aug. 30, 2018) (pending); *Gaspard v. The Breakfast Toms*, No. 18-cv-8485 (E.D. La., Sept. 4, 2018) (dismissed for failure to prosecute); *Gaspard v. The Breakfast Toms*, No. 18-cv-0816 (M.D. La. Aug. 31, 2018) (pending).

7
Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

## C. Amendment would be futile.

A district court must afford pro se prisoner litigants an opportunity to amend their complaints to correct any deficiencies in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). However, leave to amend need not be given where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The district court may properly deny leave to amend if only one or two of the factors are fulfilled. *See id.* (affirming denial of amendment, where the last two factors were fulfilled). Here, the Court denies leave to amend because plaintiff has previously amended his complaint and failed to cure fatal defects, and because amendment would be futile.

Plaintiff has failed to cure a fatal defect in his complaint – a lack of subject matter jurisdiction – despite a warning and opportunity to amend.

On November 5, 2018, the Court dismissed the Complaint with leave to amend. DWLTA Order. The Court noted in the DWLTA Order that plaintiff had failed to invoke federal subject matter jurisdiction, and explained to plaintiff how he might remedy this fundamental defect. *See* DWLTA Order at 2-3 (explaining that subject matter jurisdiction is essential, and how plaintiff could invoke subject matter jurisdiction). The Court also cautioned plaintiff that he would be "given one opportunity to amend his complaint to cure the deficiencies specified . . . so that he can establish subject matter jurisdiction." *Id.* at 4-5.

In light of plaintiff's repeated ability to establish subject matter jurisdiction, despite guidance and a warning from the Court, the Court believes plaintiff cannot successfully invoke subject matter jurisdiction. *See Allen*, 911 F.2d at 373-74 (affirming a district court's denial of leave to amend where plaintiff had previous opportunities to cure defects); *Farahani v.*

8

Case No. 18-CV-05516-LHK
ORDER GRANTING PL.'S MOT. TO VACATE J.; REOPENING CASE; DISMISSING CASE WITH PREJUDICE

*123TD.com, LLC*, No. 12-CV-04637-LHK, 2013 WL 6688098, at *5 (N.D. Cal. Dec. 18, 2013) (denying leave to amend where plaintiff repeatedly failed to invoke subject matter jurisdiction).

Moreover, even if plaintiff could solve the jurisdictional defects in his pleadings, the fact that this action is malicious, *see supra* III.B, cannot be cured by amendment. Plaintiff has conceded that he intentionally filed multiple actions stating the same claims against the same defendants. *See* Dkt. No. 13 at 14 (stating this is "one of the multiple, duplicate, civil actions" plaintiff has filed). Even if plaintiff were to dismiss the other pending actions, the instant matter would still duplicate "previously litigated claims," and would therefore still be malicious. *Cato*, 70 F.3d at 1105 n.2; *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) ("The conclusion of the district court that Pratt's claim is frivolous thus forms the basis of its dismissal . . . on the merits.").

In sum, amendment would be futile because "it appears beyond doubt that the plaintiff can prove no set of facts" that would give the Court jurisdiction or render this action non-malicious. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Accordingly, dismissal is with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion to vacate the judgment and reopen the instant action. Dkt. No. 13. However, for the foregoing reasons, this action is **DISMISSED** with prejudice. The Court certifies that any appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

The Court **DENIES** as moot plaintiff's other pending motions. Dkt. Nos. 15, 17, and 20. This order terminates docket numbers 13, 15, 17, and 20.

**IT IS SO ORDERED.**

DATED: 5/15/2019

LUCY H. KOH
UNITED STATES DISTRICT JUDGE